**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW ECKSTEIN, | ) | CASE NO. 1:23-cv-2320 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| WARDEN JENNIFER BLACK, | ) | |
| | ) | **ORDER ADOPTING MAGISTRATE'S** |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

On December 5, 2023, Plaintiff Andrew Eckstein filed a *pro se* civil rights complaint against Defendant Jennifer Black, Warden of the Lorain Correctional Institute. (ECF No. 1). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP Motion"). (ECF No. 2). On April 2, 2024, Magistrate Judge Jonathan D. Greenberg issued an order granting Plaintiff's IFP Motion. (ECF No. 6).

On April 23, 2024, Defendant filed a Motion to Revoke the Order Granting *In Forma Pauperis* Status ("Motion to Revoke") asserting that Plaintiff failed to disclose the additional $15.00 Incentive Pay he had been credited. (Doc. No. 8). On May 8, 2024, Magistrate Judge Greenberg issued an order for Plaintiff to show cause why his IFP Motion should not be denied or the case dismissed for making an "untrue" allegation of poverty under 28 U.S.C. § 1915(e)(2)(a). (Doc. No. 10). Plaintiff subsequently filed a motion to quash Defendant's Motion to Revoke, (ECF No. 11), and a motion to submit documents as evidence, (ECF No. 14).

On June 14, 2024, Magistrate Judge Greenberg issued an order that: (i) granted the Motion to Revoke; (ii) vacated the April 2, 2024 Order granting the IFP Motion; (iii) denied Plaintiff's motion to quash; and (iv) denied Plaintiff's motion to submit documents as evidence. (ECF Doc. 17). He also instructed Plaintiff to pay the remainder of the filing fee within thirty days and

1

warned him that a failure to do so would result in a recommendation that this case be dismissed for failure to prosecute. (*Id.* at PageID #110). The docket reflects that Plaintiff did not pay the filing fee by the deadline.[1]

On August 1, 2024, Magistrate Judge Greenberg issued a Report and Recommendation ("R&R") recommending that the Court dismiss this case without prejudice for failure to prosecute. (ECF No. 18). The R&R noted that Plaintiff had "failed to comply with the Court's order to pay the remainder of the full filing fee, and in doing so he has failed to actively pursue this litigation to its completion within a reasonable amount of time." (*Id.* at PageID #112).

Fed. R. Civ. P. 72(b)(2) provides that the parties may object to a Magistrate Judge's R&R within 14 days after service. On August 2, 2024, the Court issued an order directing him to file any objections to the R&R within 14 days and warning him that a failure to timely object may result in adoption of the R&R without further review and a forfeiture of the right to appeal. (ECF Doc. 19). As of the date of this order, 20 days have passed since the filing of the R&R, and Plaintiff has filed no objections to same.

Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the R&R to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt a R&R without further review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985).

There being no objections, the Court **ADOPTS** Magistrate Judge Greenberg's R&R and incorporates it fully herein by reference. This case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

---

[1] There is also no evidence that Plaintiff has paid the filing fee as of the issuance of this Order.

**IT IS SO ORDERED.**

Date: August 21, 2024

_____
**CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE**